UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RAYMOND CONTEE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:05CV02475 (RCL) |
| ) | |
| GIANT FOOD, INC., ) | |
| GIANT OF MARYLAND LLC, and ) | |
| AHOLD USA HOLDINGS, INC.,[1] ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**DEFENDANTS' MOTION TO DISMISS OR,
IN THE ALTERNATIVE, TO TRANSFER**

Pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1404, Defendants Giant of Maryland LLC ("Giant") and Ahold U.S.A., Inc. ("Ahold") (collectively "Defendants")[2] hereby move the Court for the entry of an Order dismissing Plaintiff's Complaint for improper venue or, in the alternative, transferring this action to the District of Maryland. In support of this Motion, Defendants respectfully refer the Court to the attached Memorandum in Support.

                                            Respectfully submitted,

                                            ___/s/_____
                                            Robert G. Ames, D.C. Bar No. 234393
                                            Lesley A. Pate, D.C. Bar No. 485139
                                            Venable LLP
                                            575 7th Street, N.W.
                                            Washington, D.C. 20004
                                            (202) 344-4000
                                            (202) 344-8300 (facsimile)

                                            Counsel for Defendants

---

[1] The proper name of this entity is Ahold U.S.A., Inc.
[2] The third Defendant named by Plaintiff, Giant Food, Inc., does not exist.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RAYMOND CONTEE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:05CV02475 (RCL) |
| ) | |
| GIANT FOOD, INC., ) | |
| GIANT OF MARYLAND LLC, and ) | |
| AHOLD U.S.A. HOLDINGS, INC.,[1] ) | |
| ) | |
| Defendants. ) | |
| ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO TRANSFER**

Pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1404, Defendants Giant of Maryland LLC ("Giant") and Ahold U.S.A., Inc. ("Ahold") (collectively "Defendants")[2] hereby submit their Memorandum in Support of their Motion to Dismiss or, in the Alternative, to Transfer this action to the United States District Court for the District of Maryland.

**I.   INTRODUCTION AND SUMMARY**

On December 28, 2005, Plaintiff, a Maryland resident and an employee of Giant, filed this action, asserting claims of race discrimination and retaliation under 42 U.S.C. § 1981. Specifically, Plaintiff alleges that Defendants demoted him from the position of Produce Specialist and that the demotion constituted race discrimination and retaliation for his complaints of race discrimination. Plaintiff further alleges that Defendants

---

[1] Contrary to Plaintiff's caption, the proper name of this entity is Ahold U.S.A., Inc. See Licht Dec., ¶ 6, which is attached hereto as Exhibit A.
[2] The third Defendant named by Plaintiff, Giant Food, Inc., does not exist. See Licht Dec., ¶ 5.

"downgraded" his performance evaluations in March 2005 and December 2005 in retaliation for his complaints of race discrimination.

As explained below, venue in the District of Columbia is improper under 28 U.S.C. § 1391(b) because not all of the named defendants reside in the District of Columbia and a substantial part of the events giving rise to Plaintiff's claims did not occur in the District of Columbia. Rather, as discussed below, a substantial part of the events giving rise to the alleged discrimination and retaliation occurred in Maryland. Thus, under 28 U.S.C. § 1391(b), venue in the District of Columbia is improper and this action should be dismissed pursuant to Rule 12(b)(3).

Moreover, even if venue in this Court were somehow proper, this action should be transferred under 28 U.S.C. § 1404 to the United States District Court for the District of Maryland. Plaintiff is, and at all time relevant to this action has been, a resident of Maryland. Giant is a Maryland limited liability company with its principal place of business in Maryland, and Ahold is incorporated under the laws of Maryland. Plaintiff has worked in Maryland throughout his employment with Giant and exclusively in Maryland since 2003, and the employment decisions challenged by Plaintiff occurred in Maryland. In addition, the vast majority of the witnesses reside in Maryland, and all of the employment records that are potentially relevant to this action are located in Maryland. For these reasons, this case should be transferred to the United States District Court for the District of Maryland.

## II. ARGUMENT

### A. The Complaint Should Be Dismissed Pursuant To Rule 12(b)(3) Because Venue Does Not Lie In The District of Columbia

Plaintiff's Complaint should be dismissed because venue in the District of Columbia is improper. The venue statute applicable to Plaintiff's section 1981 claim provides, in pertinent part:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may . . . be brought only in (1) a judicial district where any defendant resides, *if all defendants reside in the same State*; (2) *a judicial district in which a substantial part of the events or omission giving rise to the claim occurred*, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, *if there is no district in which the action may otherwise be brought.*

28 U.S.C. § 1391(b) (emphasis added).[3] None of the provisions of this statute confer venue upon the Court.

### 1. Venue In The District Of Columbia Is Improper Under Section 1391(b)(1)

Venue is improper under section 1391(b)(1) because all of the named defendants do not reside in the District of Columbia. Pursuant to 28 U.S.C. § 1391(c), a corporate defendant is "deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced."

In his Complaint, Plaintiff named Giant Food, Inc., Giant of Maryland LLC, and Ahold U.S.A. Holdings, Inc. as defendants. With regard to the named defendants,

---

[3] Unlike Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., section 1981 does not contain a special venue provision. Thus, the general rule for venue set forth in 28 U.S.C. § 1391(b) applies to claims brought under 42 U.S.C. § 1981.

-3-

Plaintiff alleges that Giant Food, Inc. and Giant of Maryland LLC are "wholly owned subsidiaries of Ahold U.S.A. Holdings, Inc." that collectively operate "about 200 grocery stores, as well as warehouses that supply those stores, in the District of Columbia, Maryland, Delaware, and New Jersey." Compl. at ¶ 3. Apparently attempting to justify his choice of venue, Plaintiff further alleges that Giant Food, Inc., Giant of Maryland LLC, and Ahold U.S.A. Holdings, Inc. "are corporations doing business in the District of Columbia and are subject to personal jurisdiction in the District." Id. at ¶ 5. These allegations, however, are erroneous and plainly insufficient to establish venue in this jurisdiction.

As an initial matter, Giant Food, Inc. and Ahold U.S.A. Holdings, Inc. no longer exist. See Licht Dec., ¶¶ 5-6. Moreover, although Plaintiff can show that Giant of Maryland LLC is subject to personal jurisdiction in the District of Columbia because it operates stores therein, Plaintiff has not alleged sufficient facts to establish that Ahold U.S.A. Holdings, Inc.'s successor, Ahold U.S.A., Inc., is subject to personal jurisdiction in the District of Columbia.

Personal jurisdiction over a parent corporation cannot be established based solely upon the fact that the parent corporation owns a subsidiary that does business in the District of Columbia. See El-Fadl v. Central Bank of Jordan, 75 F.3d 668, 675-76 (D.C. Cir. 1996); Johnson-Tanner v. First Cash Fin. Servs., 239 F. Supp. 2d 34, 38-39 (D.D.C. 2003); Material Supply Int'l Inc. v. Sunmatch Indus. Co., 62 F. Supp. 2d 13, 19 (D.D.C. 1999). Rather, personal jurisdiction over a parent corporation based on the subsidiary's contacts with a forum can only be obtained if the parent corporation is determined to be the "alter ego" of the subsidiary. Material Supply, 62 F. Supp. 2d at 19.

In assessing whether the interrelatedness of a parent corporation and its subsidiary is sufficient to confer personal jurisdiction, courts have applied four tests:

> (1) **the "agency" test,** which asks whether the parent exercises a significant degree of control over the subsidiary's decisionmaking;
>
> (2) **the "alter ego" test,** which permits the court to pierce the corporate veil when necessary to prevent fraud, illegality or injustice;
>
> (3) **the "instrumentality" test,** which asks whether the parent exercised extensive control over the wrongful acts of the subsidiary; and
>
> (4) **the "integrated enterprise" test,** which considers interrelation of operations, centralized control of labor relations, common management and ownership or financial control.

Id. at 20 (emphasis in original). Each of these tests is "ultimately concerned with resolving the same question: whether the parent corporation so dominated the subsidiary corporation as to negate its separate personality." Id.

Plaintiff has not in his Complaint made any allegation that would support a finding that Ahold is the "alter ego" of Giant under any of these tests. Rather, Plaintiff merely alleges that Giant is a subsidiary of Ahold. This allegation falls woefully short of subjecting Ahold to personal jurisdiction based upon Giant's contacts with the judicial district. Ahold cannot, therefore, be deemed for venue purposes to reside in the District of Columbia. Because not all defendants reside in the District of Columbia, Plaintiff cannot establish that venue is proper under 28 U.S.C. § 1391(b)(1).

### 2. Venue In The District Of Columbia Is Improper Under Section 1391(b)(2)

Plaintiff cannot rely upon section 1391(b)(2) to establish venue because a substantial part of the events giving rise to Plaintiff's claims of discrimination and

retaliation occurred in Maryland, not the District of Columbia. From the face of the Complaint, Plaintiff's claims of discrimination and retaliation arise from his alleged demotion in 2003 from the position of Produce Specialist and the alleged "downgraded 2005 performance evaluations." Compl. ¶¶ 29, 31-32. These alleged acts of discrimination and retaliation resulted from personnel decisions made, communicated, and implemented in Maryland. See Plano Dec., ¶ 3.[4]

In an apparent attempt to obfuscate the extent to which this case is connected to Maryland, Plaintiff asserts that his "territory as a Produce Specialist included all Giant's stores in the District of Columbia, as well as stores in suburban Maryland and Virginia." Compl. ¶ 9. This assertion, however, is inaccurate and misleading. Upon being promoted to the position of Produce Specialist, Giant initially assigned Plaintiff in September 2001 to Districts 1 and 2. See Plano Dec., ¶ 4. District 1 contained eight stores in Maryland and four stores in the District of Columbia, and District 2 contained 11 stores in Maryland. Id. In July 2002, Giant reassigned Plaintiff to Districts 3 and 4, which contained 12 stores in Maryland and 11 stores in Virginia, respectively. Id. at ¶ 5. When Plaintiff assumed the position of "Human Resources manager at one store" in early 2003, Giant assigned Plaintiff to Store 161, which is located near Gaithersburg, Maryland.[5] Compl. ¶ 18; Plano Dec., ¶ 6. Accordingly, Plaintiff has carefully avoided informing the Court that he has not been assigned to stores in the District of Columbia for more than three and a half years.

---

[4] The Declaration of Bart Plano is attached hereto as Exhibit B.
[5] In January 2006, Giant transferred Plaintiff from Store 161 to Store 140, which is located in Hyattsville, Maryland. See Plano Dec., ¶ 9.

Despite Plaintiff's desire to pursue his claims in the District of Columbia, the facts do not establish venue in this jurisdiction. Even when Plaintiff's territory included stores within the District of Columbia, the vast majority of Plaintiff's territory included stores in Maryland. As of July 2002, however, Plaintiff's territory no longer included the District of Columbia. During his probation, which immediately preceded his alleged demotion, Plaintiff worked exclusively with stores in Maryland and Virginia. Moreover, the allegedly retaliatory performance evaluations in 2005 only pertain to Plaintiff's work in Maryland. As even further evidence of this case's connection to Maryland, Plaintiff filed a charge of discrimination challenging his 90-day probation with the Baltimore District Office of the Equal Employment Opportunity Commission and the Maryland Commission on Human Relations. See Ex. C.

Under these circumstances, it is readily apparent that a substantial part of the events giving rise to Plaintiff's claims of discrimination and retaliation occurred in Maryland. Thus, venue in the District of Columbia is improper under section 1391(b)(2). See Meyer v. Reno, 911 F. Supp. 11, 15 (D.D.C. 1996) (stating that "because none of the alleged events or omissions giving rise to the plaintiff's claims took place in the District of Columbia, but rather [another state], venue could not lie under § 1391(b)(2)"); Williams v. United States, 932 F. Supp. 357, 363 (D.D.C. 1996) (finding venue improper where **most** of plaintiff's claims centered "exclusively around activities that occurred outside of the district").

### 3. Venue In The District Of Columbia Is Improper Under Section 1391(b)(3)

Venue is likewise improper under the remaining catch-all section of the applicable venue statute. Section 1391(b)(3) applies only "if there is *no district* in which

the action may otherwise be brought." 28 U.S.C. § 1391(b)(3) (emphasis added). Because this action plainly could have been brought in Maryland, where a substantial part of the events giving rise to this action occurred, see supra at § II.A.2, Plaintiff cannot avail himself of section 1391(b)(3).

Accordingly, this case should be dismissed for improper venue pursuant to Rule 12(b)(3).

### B. Alternatively, This Case Should Be Transferred To The District Of Maryland

Even if the Court does not find sufficient grounds to dismiss this case under Rule 12(b)(3), it should nevertheless transfer it to the United States District Court for the District of Maryland pursuant to 28 U.S.C. § 1404(a). Section 1404(a) provides that, "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The statute also places "discretion in the district court to adjudicate motions to transfer according to an 'individualized, case-by case consideration of convenience and fairness." Trout Unlimited v. United States Dept. of Agric., 944 F. Supp. 13, 16 (D.D.C. 1996) (citing Stewart Organization, Inc. v. Ricoh Corp., 487 U.S. 22 (1988) (quoting Van Dusen v. Barrack, 376 U.S. 612 (1964))).

Where an alternative forum is available,[6] the court focuses on the convenience of the witnesses and the interests of justice in determining whether to transfer venue. Trout,

---

[6] The threshold requirement for transfer under § 1404(a) is that there must be another district in which the action might have been brought. Trout, 944 F. Supp. at 16. It is beyond dispute that the present action might properly have been brought in the District of Maryland under 28 U.S.C. § 1391(b)(2) because, as explained above, all of the alleged actions giving rise to Plaintiff's claim occurred in Maryland. See supra at § II.A.2. Consequently, an alternative forum for this dispute is clearly available.

944 F. Supp. at 16. In performing this assessment, courts typically look to a variety of both private and public factors. As discussed below, an examination of these factors compels the conclusion that this action should be transferred to the District of Maryland.

### 1. Private Interests Weigh In Favor Of Transfer To Maryland

The private factors in this case weigh heavily in favor of transferring this action to District Court in Maryland. In determining whether to transfer a case pursuant to section 1404(a), the Court examines the following private factors: (1) the forum in which the claim arose; (2) the parties' respective choice of forum; (3) the convenience of the parties and witnesses; and (4) the ease of access to sources of proof. Cox v. Staples, Inc., No. 97-00318 (TAF), 1997 WL 723305 (D.D.C. Oct. 30, 1997) (citing Kafack v. Primerica Life Ins. Co., 934 F. Supp. 3, 6 (D.D.C. 1996)); Trout, 944 F. Supp. at 16. In this case, all of these factors militate in favor of a transfer to Maryland.

With respect to the first factor, this Court has recognized that where, as here, a plaintiff alleges discrimination, the claim arises where the alleged discriminatory acts took place. See Liban v. Churchey Group II, 305 F. Supp. 2d 136, 142 (D.D.C. 2004). The alleged acts of discrimination and retaliation in this case (i.e., the alleged demotion and the allegedly downgraded performance evaluations in 2005) occurred in Maryland. See supra at § II.A.2. Moreover, at all times relevant to this action, Plaintiff worked for Giant primarily, if not exclusively, in Maryland. Id. Each and every meeting of Giant representatives regarding Plaintiff's alleged demotion or the evaluation of Plaintiff's performance in 2005 occurred in Maryland. See Plano Dec., ¶ 7. In addition, Plaintiff filed a charge of discrimination concerning alleged discrimination in Maryland. Based

::ODMA\PCDOCS\DC2DOCS1\726717\1

upon these circumstances, the Court must conclude that Plaintiff's discrimination and retaliation claims clearly arose in Maryland.

The convenience of the parties and witnesses, as well as the availability of the sources of proof, also favor a transfer to Maryland. Each party is connected to Maryland: Plaintiff resides in Maryland; Giant is a Maryland limited liability company, and Ahold is incorporated under the laws of Maryland. Moreover, with only one exception, all of the relevant witnesses in this case, including Plaintiff and all of the managers involved in the employment decisions at issue, reside in Maryland. Id. at ¶ 10. Consequently, a Maryland forum clearly would be more convenient for the witnesses. In addition, all of the documents and records relevant to Plaintiff's claims are located at Giant stores in Maryland or Giant's corporate headquarters in Landover, Maryland. Id. at ¶ 8. In contrast, no sources of proof are located in the District of Columbia. Thus, the convenience of the relevant witnesses and the availability of the sources of proof also plainly favor a transfer to Maryland.

Finally, although generally a plaintiff's choice of forum is entitled to due deference, Kafack, 934 F. Supp. at 6, it is well established that "this deference is weakened when the plaintiff is not a resident of the chosen forum." Liban, 305 F. Supp. 2d at 141-42. This deference is further diminished "if a plaintiff's choice of forum has no meaningful ties to the controversy and no particular interest in the parties or subject matter." Id. at 142; see also Trout, 944 F. Supp. at 17 ("[t]he showing that defendants must make is lessened when the 'plaintiff[s'] choice [of forum] has no factual nexus to the case,' and where, as in this case, transfer is sought to the forum with which plaintiffs have substantial ties and where the subject matter of the lawsuit is connected to that

state"); Armco Steel Co. v. CSX Corp., 790 F. Supp. 311, 323 (D.D.C. 1991) (deference is "greatly diminished when the activities have little, if any, connection with the chosen forum").

Plaintiff's choice of forum here cannot outweigh the many factors that compel the conclusion that the action should be transferred to the District of Maryland. As discussed above, Plaintiff resides in Maryland, Giant is a Maryland limited liability company, Ahold is incorporated under the laws of Maryland, all of the potential witnesses and sources of proof are located in Maryland, and the District of Columbia obviously has no meaningful connection with any activity on which this lawsuit is based.

### 2. Public Interests Weigh In Favor Of Transfer To Maryland

Like the private factors, the public factors in this case weigh in favor of transferring this action to the United States District Court for the District of Maryland. The public factors considered by the Court include: (1) the transferee's familiarity with the governing laws; (2) the relative congestion of the calendars of the potential transferee and transferor courts; and (3) the local interest in deciding local controversies at home. Trout, 944 F. Supp. at 16.

Maryland clearly possesses the local interest in this action. As previously discussed, the alleged wrongful acts in this case occurred in Maryland, Plaintiff is a resident of Maryland, and Giant's principal place of business is located in Maryland. Thus, this action is a controversy local to Maryland, thereby giving Maryland a greater interest in it than the District of Columbia. See Liban, 305 F. Supp. 2d at 143 (controversy local to Maryland because alleged discriminatory events occurred in Maryland); McClamrock v. Eli Lilly & Co., 267 F. Supp. 2d 33, 41-42 (D.D.C. 2003)

(where defendant allegedly injured a North Carolina resident in North Carolina, the local interest was in North Carolina).

Moreover, there is no reason why this Court with its own calendar of cases arising out of events occurring in the District of Columbia should be burdened with a case that has no direct connection to the District of Columbia. See Air Line Pilots Ass'n v. Eastern Air Lines, 672 F. Supp. 525, 526 (D.D.C. 1987) (conversation of judicial resources is a proper consideration in determining whether to transfer venue). Upon considering the relative docket congestion and potential speed of resolution of both the transferor and transferee courts, this Court has transferred cases to the District of Maryland on numerous occasions. See, e.g., Schmidt v. American Institute of Physics, 322 F. Supp. 2d 28, 35 (D.D.C. 2004) ("[a]lthough the court has no reason to believe that the docket of the District of Maryland is more or less congested than the docket of this court, it is clear that transfer would not delay this case's resolution"); Kafack, 934 F. Supp. at 7-8 (no delay associated with transferring the case to Maryland).

Accordingly, like the private factors, the public interest factors weight in favor of transferring this case.


## III. CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court dismiss Plaintiff's Complaint or, in the alternative, transfer this case to the District of Maryland.

Respectfully submitted,

/s/
───────────────────────────
Robert G. Ames, D.C. Bar No. 234393
Lesley A. Pate, D.C. Bar No. 485139
Venable LLP
575 7th Street, N.W.
Washington, D.C. 20004
(202) 344-4000
(202) 344-8300 (facsimile)

Counsel for Defendants

::ODMA\PCDOCS\DC2DOCS1\726717\1