**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| _____ | ) | |
| RAYMOND CONTEE | ) | |
|  | ) | |
|         Plaintiff, | ) | |
|  | ) | |
|     v. | ) | Civil Action No. 05-2475 |
|  | ) | (RCL) |
| GIANT OF MARYLAND LLC | ) | |
|  | ) | |
|         Defendant. | ) | |
| _____ | ) | |

**NOTICE OF FILING AMENDED COMPLAINT**

Plaintiff Raymond Contee gives notice of filing the accompanying Amended Complaint

This is the first amendment to plaintiff's original complaint, and F.R.Civ.P. 15(a) permits a party

to "amend [its] pleading once as a matter of course at any time before a responsive pleading is

served."

Defendant Giant's recently filed Motion to Dismiss or to Transfer is not a "pleading"

under Rule 7(a), which enumerates as pleadings only a complaint, answer, reply to a

counterclaim, answer to a cross-claim, third-party complaint and third-party answer.  See *In re*

*Zweibon*, 565 F.2d 742, 747 (D.C. Cir. 1977) (motion for summary judgment is not a pleading);

see also *Caine v. Hardy*, 905 F.2d 858, 863 (5th Cir. 1990) (district court erred in refusing to

allow amended complaint because defendants never filed a responsive pleading and only filed a

motion to dismiss).

Among other things, the Amended Complaint names only one defendant – Giant of

Maryland LLC – and does not name either Ahold USA, Inc. or Giant Food, Inc., both of whom

were defendants in the original complaint.  Defendant concedes that "Giant of Maryland LLC is

subject to personal jurisdiction in the District of Columbia."  Defendant's Memorandum in

Support of Motion to Dismiss or to Transfer at 4.  And since Giant of Maryland LLC is now the

sole defendant, there is no question that this case may be brought in this District under 28 U.S.C.

§ 1391(b)(1), thereby mooting defendant's motion to dismiss.

Plaintiff continues to believe that Ahold exercises sufficient control over Giant to meet

the test of doing business in the District of Columbia; for example, the Washington Post recently

reported that Giant's president was resigning and that Ahold would name his successor.  And

plaintiff originally named Giant Food, Inc. (which we agree is nominally Ahold's predecessor)

because in another case that counsel recently filed against Giant in which the company has also

filed a motion to dismiss or to transfer – *Payne v. Giant Food, Inc.*, No. 05-897 (D.D.C.) (GK) –

evidence suggested that Giant Food, Inc. continued to do business in its own name even after that

name was formally supplanted by Ahold's.

Nevertheless, it would simplify resolution of defendant's pending motion to eliminate

any dispute as to the propriety of this action's being filed here under § 1391(b)(1), so that the

Court and parties could focus on whether Giant has met the difficult requirements for disturbing

the plaintiff's chosen venue under 28 U.S.C. § 1404(a).  For that reason, plaintiff is filing the

accompanying Amended Complaint naming on Giant of Maryland LLC as the only defendant.

_____/s/_____
Douglas B. Huron   89326
Stephen Z. Chertkof   451713
Tammany M. Kramer   483146
HELLER, HURON, CHERTKOF
LERNER, SIMON & SALZMAN
1730 M Street, NW
Suite 412
Washington, DC  20036
(202) 293-8090

Attorneys for plaintiff
