UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

|  |  |
|---|---|
| RAYMOND CONTEE<br><br>      Plaintiff,<br><br>v.<br><br>GIANT OF MARYLAND LLC<br><br>      Defendant. | Civil Action No. 05-2475<br>(RCL) |

**AMENDED COMPLAINT FOR RELIEF FROM
DISCRIMINATION AND RETALIATION IN EMPLOYMENT**

Jurisdiction

1. This is an action to remedy defendant's conduct in discriminating against plaintiff and demoting him because of his race and in retaliation for complaining about such discrimination, and for further retaliation following the demotion, in violation of 42 U.S.C. § 1981. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1343(a)(4). Venue is proper in this District under 28 U.S.C. § 1391(b).

Parties

2. Plaintiff Raymond Contee is an African-American citizen of the United States. Contee has worked for Giant since 1982. During the time period relevant to this action, Contee worked at all of Giant's District of Columbia stores, as well as stores in suburban Maryland and Virginia.

3. Defendant Giant of Maryland LLC (Giant) operates about 200 grocery stores, as well as warehouses that supply those stores, in the District of Columbia, Maryland, Virginia, Delaware and New Jersey. Giant is headquartered in Landover, Maryland and is a wholly owned

subsidiary of Ahold USA, Inc. which itself is a wholly owned subsidiary of Royal Ahold N.V., which is headquartered in London. Ahold owns and operates several supermarket chains in the United States, including Giant.

4. Giant is a corporation doing business in the District of Columbia and is subject to personal jurisdiction in the District.

Promotion to Produce Specialist

5  Plaintiff Raymond Contee began working for Giant in 1982 as a produce worker. He worked his way up through several management jobs, and he was ultimately promoted by a three-member panel to Produce Specialist in February 2001. The job of Produce Specialist involves servicing and supervising the produce departments in a number of Giant stores. At the time he was promoted, plaintiff was working in Giant's Friendship Heights store on Wisconsin Avenue in Washington, DC. Upon promotion, plaintiff was given a salary of $55,000 plus bonus eligibility.

6. Plaintiff was assigned to Giant's Southern Region. He was the first African-American Produce Specialist in the region and only the second African-American at Giant to be made Produce Specialist.

7. Plaintiff reported to Kevin Hayes, Regional Merchandising Manager for the Southern Region. Hayes, who is white, was not involved in the decision to promote plaintiff to Produce Specialist. None of the other Produce Specialists under Hayes, apart from plaintiff, was black.

8. Plaintiff's territory as a Produce Specialist included all Giant's stores in the District of Columbia, as well as stores in suburban Maryland. In 2001, plaintiff earned a raise to $60,000 plus a bonus of approximately $9,000.

Discriminatory Treatment and Demotion

9.  Throughout plaintiff's tenure under Kevin Hayes, plaintiff was subjected to various racist remarks that Hayes directed at him.  Hayes called plaintiff "boy" in conversation.  During a company-sponsored event at a Baltimore Orioles game, Hayes walked up to where plaintiff was sitting with a co-worker, and announced that he would sit with the "black people."  During the game, Hayes referred to the size of black men's genitalia and said, "I know how you black guys are."  More than once, Hayes told plaintiff that he had never before had to work with "someone like you," meaning someone African-American.  Plaintiff found these remarks offensive and distressing.

10.  Hayes was continually critical of plaintiff's performance and treated him differently than he treated other employees under his supervision, none of whom was black.  Hayes also neglected to give plaintiff essential information that he gave his white subordinates, such as the times of meetings or the planned visits of high-level Giant officials to one of his stores.

11.  In April 2002, Hayes put plaintiff on an unwarranted Performance Improvement Plan (PIP).   While plaintiff was on the PIP, Hayes told plaintiff that, no matter what plaintiff did, Hayes would still insure that plaintiff was removed from his position as Produce Specialist.  Hayes told plaintiff that he should just resign, but plaintiff could "drag it out" if he wanted to.  In July 2002, Hayes changed plaintiff's territory, which had included all Giant stores in the District of Columbia and some in Maryland, to a less desirable territory comprised of stores in Maryland and Virginia.  The change in territory was intended to force plaintiff to resign or, failing that, to make it more difficult for him to perform successfully.

12.  In August 2002, plaintiff asked Hayes about how his upcoming evaluation was going to be, and Hayes told plaintiff that he was going to be "toast."  Hayes also told plaintiff that he

was "not responsible" for plaintiff's training and success, although Hayes provided training and assistance to other Produce Specialists. Hayes repeatedly harassed plaintiff by asking him if he was going to resign as Produce Specialist.

13. Also in August 2002, plaintiff complained to Giant's Director of Human Resources, David White, and to an EEO officer at Giant about the discriminatory treatment he was experiencing. Hayes was aware of these complaints.

14. In September 2002, plaintiff was put on a 90-day probation, which was not warranted, either. The probation included certain goals, ostensibly because there were problems with plaintiff's stores' "shrinkage numbers," which reflected the amount of waste and the relationship between costs and sales. White Produce Specialists with worse shrinkage numbers were neither disciplined nor put on probation, and they were given higher evaluation ratings than plaintiff.

15. The probation was supposed to last 90 days, but for approximately the last 30 days, plaintiff was on sick leave due to a back injury. Plaintiff was given an additional 30 days to achieve his goals under the probation, but Hayes sent him to work in another district for half that time, impeding plaintiff's ability to implement improvements in his own stores.

16. On December 8, 2002, plaintiff filed a complaint of racial discrimination with the Equal Employment Opportunity Commission. Hayes was aware of this complaint.

17. In early 2003, plaintiff was told he was being demoted. He was demoted to Human Resources manager at one store, where there is no opportunity for a bonus of the same magnitude he got as Produce Specialist. In addition, his salary range has a lower ceiling, and he continues to feel humiliated.

18. Plaintiff's salary has remained at that same level since 2003.

4

Additional Retaliation

19. During the fall of 2004, plaintiff's attorneys corresponded and spoke with counsel for defendant, informing defendant that plaintiff was considering a lawsuit alleging racial discrimination. The officials in plaintiff's chain of supervision were aware of plaintiff's complaints of discrimination.

20. In March 2005, plaintiff's supervisor showed plaintiff an evaluation form on which the supervisor gave plaintiff a "3" rating, "meets job requirements." However, when the official performance evaluations were subsequently issued, plaintiff had been downgraded to a "4" rating, "needs improvement." Plaintiff learned that the district manager had ordered the store manager to downgrade plaintiff's evaluation score. Other HR managers in that district had not complained about discrimination and received a "3" rating. Plaintiff's "4" rating meant that he did not receive a raise, and it makes him vulnerable to a future adverse employment action.

21. In February 2006, plaintiff was transferred to an undesirable, underperforming store on Eastern Avenue in Maryland, just across the line from the District of Columbia. His responsibilities include meeting with Giant customers who are D.C. residents at a church on Riggs Road, NE, in the District. Following the transfer, in his March 2006 annual evaluation, plaintiff once more received an unjustified overall rating of "4," with the same consequences as in 2005.

22. Defendant is seeking to force plaintiff to leave Giant.

Damages

23. Defendant's actions as described herein have caused plaintiff to suffer a loss in income and harm to his career.

24. Defendant's actions as described herein have caused plaintiff emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other nonpecuniary losses.

25. Defendant's actions as described herein were willful, wanton and malicious and were taken with reckless indifference to plaintiff's rights.

## COUNT ONE
### (Racial Discrimination)

26. Paragraphs 1-25 are realleged.

27. Plaintiff's demotion from Produce Specialist in 2003 constituted discrimination based on race in violation of 42 U.S.C. § 1981.

## COUNT TWO
### (Retaliation)

28. Paragraphs 1-25 are realleged.

29. Plaintiff's demotion from Produce Specialist in 2003 constituted retaliation for complaining about racial discrimination in violation of 42 U.S.C. § 1981.

30. Plaintiff's downgraded 2005 performance evaluations, and defendant's campaign to force plaintiff to leave Giant, constitute retaliation for complaining about racial discrimination in violation of 42 U.S.C. § 1981.

## RELIEF

Plaintiff requests that this Court award him the following:

1) reinstatement to Produce Specialist retroactive to the date of demotion, together with full seniority and all other benefits;

2) compensatory damages in an amount to be proved at trial, including compensation for lost pay and benefits and emotional pain and suffering;

3) punitive damages in an amount to be proved at trial;

4) reasonable attorneys' fees and expenses;

5) prejudgment interest on all monetary sums awarded; and

6) such other relief as the Court deems just.

## JURY DEMAND

Plaintiff requests trial by jury as to all issues in this case.

                                                      /s/
                                _____
                                Douglas B. Huron   89326
                                Stephen Z. Chertkof   451713
                                Tammany M. Kramer   483146
                                HELLER, HURON, CHERTKOF
                                LERNER, SIMON & SALZMAN
                                1730 M Street, NW
                                Suite 412
                                Washington, DC  20036
                                (202) 293-8090

                                Attorneys for plaintiff