## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| RAYMOND CONTEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:05CV02475 (RCL) |
| | ) | |
| GIANT OF MARYLAND LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

### REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S
### MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO TRANSFER

Defendant Giant of Maryland LLC ("Giant") hereby submits its Reply to

Plaintiff's Opposition to Defendant's Motion to Dismiss or, in the Alternative, to

Transfer.[1]

## I.    INTRODUCTION AND SUMMARY

Plaintiff's Opposition fails to rebut Giant's showing that this case should be

transferred to the District of Maryland pursuant to 28 U.S.C. § 1404(a).  In its Motion,

Giant demonstrated that a transfer of this action is warranted because:  (1) Plaintiff is a

resident of Maryland; (2) Giant is a Maryland limited liability company with its principal

place of business in Maryland; (3) Plaintiff worked exclusively in Maryland at the time of

each of the challenged employment actions; (4) each of the employment decisions

challenged by Plaintiff occurred in Maryland; (5) the vast majority of the witnesses reside

_____

[1] Immediately after filing his Opposition to Defendant's Motion to Dismiss or, in the
Alternative, to Transfer, Plaintiff filed an Amended Complaint, dropping Giant Food Inc.
and Ahold U.S.A. Holdings, Inc. as named defendants and leaving Giant of Maryland
LLC as the sole named defendant.  As a result of the Amended Complaint filed by
Plaintiff, Giant's Motion to Dismiss for improper venue has become moot.  Therefore,
Giant will answer or otherwise respond to Plaintiff's Amended Complaint in accordance
with the Federal Rules of Civil Procedure.

in Maryland; (6) all of the employment records that are potentially relevant to this action are located in Maryland; and (7) Maryland possesses a greater public interest in this litigation than the District of Columbia.  Mem. at 8-12.

In his Opposition, Plaintiff concedes that "Giant has shown the availability of an alternative forum, the Federal court in Maryland."  Opp. at 6.  Plaintiff asserts, however, that the Court should deny Giant's Motion because his chosen forum, "the District of Columbia, with which he has meaningful ties," is entitled to "considerable weight."  Id. at 8.  Plaintiff further asserts that "Giant has not shown any inconvenience at all flowing from trying this case in this Court, let alone the degree of inconvenience required to disturb the plaintiff's choice of forum."  Opp. at 1.

As explained below, Plaintiff's Opposition serves to illustrate that Plaintiff's choice of forum was a thinly veiled exercise in forum shopping, which does not merit endorsement by this Court.  Tellingly, Plaintiff is unable to identify any meaningful connection between this controversy and the District of Columbia.  Indeed, the facts alleged by Plaintiff fall woefully short of establishing any meaningful connection between this controversy and the chosen forum.  Plaintiff's assertions that his chosen forum is entitled to great deference and that Giant must show that it would be significantly more convenient to litigate this action in Maryland are, therefore, fatally flawed.  Moreover, Plaintiff fails to respond to Giant's argument that the public interests weight in favor of transferring this case to Maryland.  Plaintiff fails to appreciate that Maryland has a vastly greater local interest in this controversy than the District of Columbia because Plaintiff's claims arose in Maryland and both parties are residents of Maryland.  The courts, taxpayers, and prospective jurors of this jurisdiction should not be

::ODMA\PCDOCS\DC2DOCS1\738330\1

burdened by a controversy that has only tenuous connection to the District of Columbia. For these reasons, Giant respectfully requests that the Court exercise its broad discretion and transfer this action to the District of Maryland.

## II.    ARGUMENT

### A.    Plaintiff's Chosen Forum Should Be Rejected As Disfavored Forum Shopping Because It Has No Meaningful Connection To The Controversy

In his Opposition, Plaintiff asserts that his chosen forum is entitled to "substantial" or "great" deference." Opp at 7 (quoting Thayer/Patricof Educ. Funding v. Pryor Resources, 196 F. Supp. 2d 21, 31 (D.D.C. 2002) and Wilderness Society v. Babbitt, 104 F. Supp. 2d 10, 12 (D.D.C. 2000)).  Plaintiff's assertion, however, is flawed.

The cases cited and relied upon by Plaintiff recognize that a plaintiff's choice of forum is afforded substantial deference if the chosen forum has "meaningful ties" to the controversy.  Thayer/Patricof, 196 F. Supp. 2d at 31; Wilderness Society, 104 F. Supp. at 13.  Conversely, this Court has determined that a plaintiff's chosen forum should only receive "diminished consideration" when it "has no meaningful ties to the controversy and no particular interest in the parties or the subject matter."  D'Angelo v. Giant Food, Inc., No. 90-1210, 1990 WL 108978, at *1 (D.D.C. July 17, 1990) (J. Lamberth).

The District of Columbia does not have any meaningful connection to this controversy.  Plaintiff has acknowledged that he does not reside in the District of Columbia.  Opp. at 7.  Relying upon Beals v. SICPA Securlink Corp., No.92-1512, 1994 U.S. Dist. LEXIS 7104 (D.D.C. May 17, 1994), Plaintiff contends that his residence "is not dispositive."  Opp. at 7.  Plaintiff's reliance on Beals, however, is misplaced. Plaintiff, unlike certain of the plaintiffs in Beals, did not work in the District of Columbia

-3-

when his claims of discrimination and retaliation in connection with his alleged demotion
and alleged downgraded performance evaluations arose in 2003 and 2005.

Attempting to establish some connection to the District of Columbia, Plaintiff
asserts that he "is not a foreigner in Washington, D.C." Opp. at 7 (internal quotation
omitted). Plaintiff alleges that he worked at a Giant store in the District prior to his
promotion to Produce Specialist in 2001, that his territory as a Produce Specialist
"originally" consisted of Giant stores in the District and Maryland but was changed to
Maryland and Virginia in July 2002 when he refused to resign, and that he was
transferred in February 2006 to a Giant store "on the District line" where he meets with
"D.C. customers in the District." Opp. at 7. These allegations cannot, however, change
the undisputed fact that Plaintiff has not been assigned to work at any Giant stores in
District of Columbia since July 2002, which is at least six months prior to Plaintiff's
alleged demotion. Thus, Plaintiff's chosen forum has no direct connection to the
employment actions that he challenges through this lawsuit.

In contrast, Maryland has a meaningful connection to this litigation. Plaintiff is a
Maryland resident, and Giant is a Maryland limited liability company with its principal
place of business in Landover, Maryland. The employment actions challenged by
Plaintiff occurred in Maryland. All of the meetings of Giant representatives regarding
Plaintiff's alleged demotion in 2003, the evaluations of Plaintiff's performance in 2005,
and the decisions relevant to these events occurred in Maryland. See Mem. at 6, 9 (citing
Plano Dec., ¶¶ 3, 7). Further, Giant communicated the challenged employment actions to
Plaintiff in Maryland. See Mem. at 6 (citing Plano Dec., ¶ 3). The "material events"
constituting "the factual predicate" for Plaintiff's claims, therefore, occurred in

Maryland.  <u>Schmidt v. American Instit. of Physics</u>, 332 F. Supp. 2d 28, 33 (D.D.C. 2004).

Moreover, many of the potential witnesses reside in Maryland, and Plaintiff's personnel

records are located in Maryland.  <u>See</u> Mem. at 10 (citing Plano Dec., ¶¶ 8, 10).

Under these circumstances, Plaintiff has not – and cannot – show that this action

has any meaningful connection to the District of Columbia.  Accordingly, the Court

should not defer to Plaintiff's chosen forum, but rather should reject it as disfavored

forum shopping and transfer this case to Maryland where a meaningful connection

between the controversy and the forum exists.  <u>See</u> <u>Devaughn v. Inphonic</u>, 403 F. Supp.

2d at 68, 73 (D.D.C. 2005) (transfer warranted where Maryland has "material

connections with the present action"); <u>O'Shea v. International Bhd. of Teamsters, Local</u>

<u>Union No. 639</u>, No. 04-0207 (RBW), 2005 WL 486143, at * 3 (D.D.C. Mar. 2, 2005)

(transferring action involving alleged discriminatory events occurring in Maryland

because "overall this matter has minimal meaningful ties to the District of Columbia");

<u>Holland v. A.T. Massey Coal</u>, 360 F. Supp. 2d 72, 76 (D.D.C. 2004) (RJL) (transferring

action to Maryland because none of the challenged decisions occurred in the District of

Columbia and, therefore, "the connection between the controversy, the plaintiff, and the

chosen forum is attenuated").

**B.     Giant Is Not Required To Show That Litigating This Action In Maryland Would Be Significantly More Convenient Than The District Of Columbia**

Plaintiff also asserts in his Opposition that the Court should deny Giant's request

to transfer this action to Maryland because "Giant has not begun to show that litigation in

Maryland would be significantly more convenient for either parties or witnesses."  Opp.

at 6.  In support of his assertion, Plaintiff relies upon two of this Court's decisions that

have refused to transfer actions to Maryland because the moving party did not show any inconvenience associated with litigating the action in the District of Columbia. Id. In each of those cases, however, the chosen forum was entitled to deference by virtue of either the plaintiff's resident status or employment in the District of Columbia. See Beals, 1994 U.S. Dist. LEXIS 7104, at * 15 (plaintiffs were employed in chosen forum); Ross v. Product Dev. Corp., 736 F. Supp. 285, 286 (D.D.C. 1989) (plaintiff resided in chosen forum). As explained above, Plaintiff is not a resident of the District of Columbia and did not work in the District of Columbia at the time of the challenged employment actions. Therefore, neither of the cases relied upon by Plaintiff controls the outcome of this action.

        Courts in this forum have consistently recognized that the convenience of witnesses is considered "only to the extent that the witnesses may actually be unavailable for trial in one of the fora." Schmidt, 322 F. Supp. 2d at 34; Wilderness Society, 104 F. Supp. 2d at 12. Due to the close proximity of Maryland and the District of Columbia, it is unlikely that a transfer of this matter would render any witness unavailable. See Fed. R. Civ. P. 45(c) (a district court can enforce a trial subpoena served on a witness within its judicial district or within 100 miles of the court). Plaintiff acknowledges in his Opposition that "the potential witnesses live and work in the Washington metropolitan area." Opp. at 6. Indeed, more precisely, the vast majority of the potential witnesses actually reside and work in Maryland. Mem. at Ex. B. Coupled with the fact that Plaintiff resides in Maryland, Giant's principal place of business is located in Maryland, and all of the relevant employment documents are maintained in Maryland, the convenience of the parties and witnesses, far from being significantly disturbed, would be

favored by such a transfer.  See O'Shea, 2005 WL 486143, at * 4 (no inconvenience if case is transferred to Maryland because the witnesses reside in Maryland); Kafack v. Primerica Life Ins. Co., 934 F. Supp. 3, 7 (D.D.C. 1996) (witnesses residing in the District of Columbia would not be inconvenienced by transfer to Maryland because of the close proximity of the jurisdictions).  The balance of the private interests, therefore, weighs in favor of a transfer to Maryland.[2]

### C.    Plaintiff Fails To Respond to Giant's Argument That The Public Interests Weigh In Favor Of Transfer to Maryland

In its Motion, Giant demonstrated that the public interests, like the private interests, weigh in favor of transferring this case to the federal court in Maryland.  Giant explained that Maryland has a greater local interest in this controversy than the District of Columbia and that the District of Columbia courts should not be burdened by a case with no direct or meaningful connection to the District of Columbia.  Mem. at 11-12. Plaintiff's Opposition does not address the public interests implicated in this action.

"Controversies should be resolved in the locale where they arise."  O'Shea, 2005 WL 486143, at *4.  The alleged unlawful actions in this case occurred solely in Maryland.  See supra at § II(A).  The taxpayers and prospective jurors of the District of Columbia should not, therefore, be burdened by a controversy that has no direct connection to this jurisdiction.  Rather, the burden for resolving this case should fall to the Maryland courts because Maryland possesses the greatest local interest in this controversy.  See Devaughn, 403 F. Supp. 2d at 73-74 (Maryland possessed local interest

---

[2]  Contrary to Plaintiff's assertion, the location of the parties' counsel is irrelevant.  See, e.g., Holland, 360 F. Supp. 2d at 77 ("the location of counsel carries little, if any, weight in analysis under § 1404(a)"); Armco Steel Co. v. CSX Corp., 790 F. Supp. 311, 324 (D.D.C. 1991).

in § 1981 claim premised upon alleged discriminatory events that occurred in Maryland);

O'Shea, 2005 WL 486143, at *4 (where "operative events occurred in Maryland,"

Maryland had greater interest in case than the District of Columbia); Liban v. Churchey

Group II, 305 F. Supp. 2d 136, 143 (D.D.C. 2004) (transfer to Maryland warranted where

majority of alleged discriminatory events occurred in Maryland).

## III.    <u>CONCLUSION</u>

For the foregoing reasons and the reasons stated in its Motion to Transfer, Giant

respectfully requests that this Court transfer this case to the District of Maryland.

Respectfully submitted,

\_\_\_/s/_____
Robert G. Ames, D.C. Bar No. 234393
Lesley A. Pate, D.C. Bar No. 485139
Venable LLP
575 7th Street, N.W.
Washington, D.C. 20004
(202) 344-4000
(202) 344-8300 (facsimile)

Counsel for Giant of Maryland LLC