## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RAYMOND CONTEE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:05CV02475 (RCL) |
| ) | |
| GIANT OF MARYLAND LLC, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

### ANSWER

Giant of Maryland LLC ("Giant"), by and through undersigned counsel, hereby states as follows its Answer to Plaintiff's Amended Complaint. All factual allegations not answered below shall be assumed to be denied.

1. Giant admits that Plaintiff's Complaint purports to assert claims of discrimination and retaliation under 42 U.S.C. § 1981. The remaining allegations of Paragraph 1 of the Amended Complaint contain legal conclusions, which Giant need not admit or deny. To the extent Paragraph 1 of the Amended Complaint contains any allegation of fact, that allegation is denied.

2. Giant admits that Plaintiff is an African-American male. Giant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in the first sentence of Paragraph 2 of the Amended Complaint and, therefore, denies the same. Giant admits that it has employed Plaintiff since July 1982. Giant denies the remaining allegations of Paragraph 2 of the Amended Complaint.

3. Giant admits that it operates approximately 113 grocery stores in Maryland, 68 grocery stores in Virginia, 12 grocery stores in New Jersey, 6 grocery

-2-

stores in the District of Columbia, and 4 grocery stories in Delaware.  Giant further admits that it operates warehouses in Landover, Maryland and Jessup, Maryland.  Giant admits that its principal place of business is located in Landover, Maryland and that it is an indirect wholly owned subsidiary of Royal Ahold N.V. through multiple intermediate subsidiaries, including Ahold U.S.A., Inc.  Giant denies the remaining allegations of Paragraph 3 of the Amended Complaint.

4.     Giant admits that it conducts business in the District of Columbia.  The remaining allegations of Paragraph 4 contain a legal conclusion, which Giant need not admit or deny.

5.     Giant admits that it hired Plaintiff in July 1982 as a Produce Clerk.  Giant admits that Plaintiff has worked in several management positions during his employment with Giant and that Plaintiff became a Product Specialist – Produce on March 16, 2001.  Giant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in the second sentence of Paragraph 5 of the Amended Complaint and, therefore, denies the same.  Giant admits that Plaintiff worked at Giant's store on Wisconsin Avenue in Washington, D.C. prior to becoming a Product Specialist – Produce.  Giant denies the remaining allegations of Paragraph 5 of the Amended Complaint.

6.     Giant admits that Plaintiff worked as a Product Specialist – Produce in the South Region.  Giant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 6 of the Amended Complaint and, therefore, denies the same.

7. Giant admits that when Plaintiff worked as a Product Specialist – Produce, he reported to Kevin Hayes, a Caucasian male, who at that time worked as the Regional Merchandising Manager for Produce in the South Region. Giant admits that Hayes was not involved in the decision to make Plaintiff a Product Specialist – Produce. Giant denies the remaining allegations of Paragraph 7 of the Amended Complaint.

8. Giant admits that from the time Plaintiff assumed the position of Product Specialist – Produce until July 2002, his territory consisted of stores in Maryland and the District of Columbia. Giant denies the remaining allegations of Paragraph 8 of the Amended Complaint.

9. Giant lacks sufficient knowledge or information to form a belief as to the truth of the last sentence of Paragraph 9 of the Amended Complaint and, therefore, denies the same. Giant denies the remaining allegations of Paragraph 9 of the Amended Complaint.

10. Giant denies the allegations of Paragraph 10 of the Amended Complaint.

11. Giant admits that it placed Plaintiff on a performance improvement plan in April 2002. Giant further admits that as of July 2002, Plaintiff's territory as a Product Specialist – Produce consisted of Districts 3 and 4, which contained stores in Maryland and Virginia. Giant denies the remaining allegations of Paragraph 11 of the Amended Complaint.

12. Giant denies the allegations of Paragraph 12 of the Amended Complaint.

13. Giant denies the allegations of Paragraph 13 of the Amended Complaint.

14. Giant admits that it placed Plaintiff on probation for 90 days in September 2002. Giant denies the remaining allegations of Paragraph 14 of the Amended Complaint.

15. Giant admits that it placed Plaintiff on probation for 90 days. Giant further admits that Plaintiff missed work for an extended period of time during his 90-day probation. Giant admits that it gave Plaintiff an additional 30 days to achieve the goals that had been established as part of his probation. Giant denies the remaining allegations of Paragraph 15 of the Amended Complaint.

16. Giant denies the allegations of Paragraph 16 of the Amended Complaint.

17. Giant admits that Plaintiff assumed the position of Human Resources Non-Perishable Manager in a store in April 2003. Giant lacks sufficient knowledge or information to form a belief as to the truth of the allegations that there "was no opportunity for a bonus of the same magnitude" and, therefore, denies the same. Giant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in the third sentence of Paragraph 17 of the Amended Complaint and, therefore, denies the same. Giant denies the remaining allegations of Paragraph 17 of the Amended Complaint.

18. Giant denies the allegations of Paragraph 18 of the Amended Complaint.

19. Giant admits the allegations in the first sentence of Paragraph 19 of the Amended Complaint. Giant denies the remaining allegations of Paragraph 19 of the Amended Complaint.

20. Giant admits that Plaintiff's supervisor showed him a draft of a performance evaluation on which Plaintiff's overall performance was rated a "3" for

-5-

"meets job requirements." Giant admits that Plaintiff received in March 2005 a performance evaluation with an overall rating of "4" for "needs improvement." Giant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in the last sentence of Paragraph 20 of the Amended Complaint and, therefore, denies the same. Giant denies the remaining allegations of Paragraph 20 of the Amended Complaint.

21. Giant admits that it transferred Plaintiff to a store located on Eastern Avenue in Hyattsville, Maryland. Giant admits that Plaintiff received in March 2006 a performance evaluation with an overall rating of "4" for needs improvement. Giant denies the remaining allegations of Paragraph 21 of the Amended Complaint.

22. Giant denies the allegations of Paragraph 22 of the Amended Complaint.

23. Giant denies the allegations of Paragraph 23 of the Amended Complaint.

24. The allegations of Paragraph 24 contain legal conclusions, which Giant need not admit or deny. To the extent Paragraph 24 of the Amended Complaint contains any allegation of fact, that allegation is denied.

25. The allegations of Paragraph 25 contain legal conclusions, which Giant need not admit or deny. To the extent Paragraph 25 of the Amended Complaint contains any allegation of fact, that allegation is denied.

## Count One

26. Giant's responses to the allegations in Paragraphs 1 through 25 of the Amended Complaint are incorporated by reference.

27. The allegations of Paragraph 27 contain legal conclusions, which Giant need not admit or deny. To the extent Paragraph 27 of the Amended Complaint contains any allegation of fact, that allegation is denied.

## Count Two

28. Giant's responses to the allegations in Paragraphs 1 through 25 of the Amended Complaint are incorporated by reference.

29. The allegations of Paragraph 29 contain legal conclusions, which Giant need not admit or deny. To the extent Paragraph 29 of the Amended Complaint contains any allegation of fact, that allegation is denied.

30. The allegations of Paragraph 30 contain legal conclusions, which Giant need not admit or deny. To the extent Paragraph 30 of the Amended Complaint contains any allegation of fact, that allegation is denied.

Giant denies that Plaintiff is entitled to any of the relief sought in the "Relief" section of the Amended Complaint.

The "Jury Demand" section of the Amended Complaint is a demand for a jury trial, which Giant need not admit or deny.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Amended Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

The Amended Complaint, or portions thereof, is barred by the applicable statutes of limitations, laches or both.

### Third Affirmative Defense

Plaintiff incurred no damages

### Fourth Affirmative Defense

Some or all of the damages sought by Plaintiff are not available under the causes of action he alleges.

### Fifth Affirmative Defense

Certain of the employment actions described in Plaintiff's Amended Complaint do not as a matter of law constitute adverse employment actions.

### Sixth Affirmative Defense

Giant had legitimate, nondiscriminatory and non-pretextual reasons for the employment actions described in Plaintiff's Amended Complaint

### Seventh Affirmative Defense

At all times relevant to this action, Giant maintained a non-discrimination policy that prohibited unlawful discrimination based upon race and unlawful retaliation. Giant had no knowledge of any unauthorized conduct that constituted unlawful discrimination t of Plaintiff based on race or unlawful retaliation against Plaintiff.

### Eighth Affirmative Defense

Giant's actions were undertaken in good faith, without malice and without intent such that the relief sought (including but not limited to punitive damages) is not available.

### Ninth Affirmative Defense

The wrongs alleged, if any, were justified and/or excused under the circumstances.

### Tenth Affirmative Defense

The Complaint, or portions thereof, is barred because Giant was privileged to do (and acted rightfully and with justifiable cause in doing) what it did.

### Eleventh Affirmative Defense

Plaintiff is not entitled, on the law and/or the facts, to punitive or liquidated damages.

### Twelfth Affirmative Defense

The Complaint, or portions thereof, is barred by the doctrines of waiver, estoppel and unclean hands.

### Reservation of Rights

Giant hereby gives notice that it tends to rely on such other and further affirmative defenses as may become available during discovery in this action and reserves the right to amend its Answer to assert any such defense.

Respectfully submitted,

\_\_/s/_____
Robert G. Ames, D.C. Bar No. 234393
Lesley A. Pate, D.C. Bar No. 485139
Venable LLP
575 7th Street, N.W.
Washington, D.C. 20004
(202) 344-4000
(202) 344-8300 (facsimile)

Counsel for Giant of Maryland LLC