UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| RAYMOND CONTEE )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>GIANT OF MARYLAND LLC )<br>)<br>Defendant. )<br>) | Civil Action No. 05-2475<br>(RCL) |

**PLAINTIFF'S RESPONSE TO NOTICE OF AUTHORITY**

On June 29, 2006 defendant advised the Court of Judge Kessler's recent decision in *Payne v. Giant of Maryland LLC*, No. 05-897, transferring that case to the District of Maryland. In *Payne*, however, the plaintiff neither lived nor worked in the District of Columbia. Here, in contrast, plaintiff Raymond Contee regularly worked in Washington – or would have but for defendant's discrimination.

In particular, Contee worked at the Giant store in Friendship Heights at the time of his promotion to Produce Specialist in 2001 [Amended Complaint, ¶ 5], and his original territorial assignment as a Produce Specialist comprised all the Giant stores in the District and some in suburban Maryland [*id.*, ¶ 8]. Contee was still in that territory when his boss, Kevin Hayes, began the campaign of racial discrimination that ultimately resulted in Contee's demotion from Produce Specialist. Hayes put Contee on an unwarranted Performance Improvement Plan and told Contee that he would insure that he was removed from the Produce Specialist job, no matter what Contee did during the PIP. Hayes urged Contee to resign rather than "drag it out," and when Contee refused to quit, Hayes reassigned him to a less desirable territory in Maryland and Virginia, intending either to force Contee to resign or to make it more difficult for him to

perform successfully.  In short, Ray Contee would have continued working in a territory that included all Giant stores in the District of Columbia if Kevin Hayes had not subjected him to discrimination [see *id.*, ¶ 11].  Finally, following Contee's demotion from Produce Specialist, Giant sought to force him out by assigning him to an underperforming store literally yards from the District line; the store serves D.C. customers, and one of his responsibilities at that store was to meet with those customers in the District [*id.*, ¶ 21].

Unlike the plaintiff in *Payne v. Giant*, Contee has demonstrated a significant employment relationship with the District of Columbia.  And "[g]iven the unique nature of the Washington metropolitan area, courts have found that employment within the District of Columbia confers certain rights upon a person similar to residency." *Beals v. Sicpa Securink Corp.*, 1994 U.S.Dist.LEXIS 7104 at *15 (D.D.C. 1994) (RCL).

*Payne* does not alter the conclusion that defendant's motion to transfer should be denied.

       /s/
Douglas B. Huron   89326
Stephen Z. Chertkof   451713
Tammany M. Kramer   483146
HELLER, HURON, CHERTKOF
LERNER, SIMON & SALZMAN
1730 M Street, NW
Suite 412
Washington, DC  20036
(202) 293-8090

Attorneys for plaintiff