## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RAYMOND CONTEE, | ) |
|       Plaintiff, | ) |
| v. | ) No. 1:05CV02475 (RCL) |
| GIANT OF MARYLAND LLC, | ) |
|       Defendant. | ) |

**MEMORANDUM IN SUPPORT OF MOTION TO STRIKE
PLAINTIFF'S RESPONSE TO NOTICE OF AUTHORITY**

Pursuant to Rule 7(b) of the Federal Rules of Civil Procedure and Local Rule 7, Giant of Maryland LLC ("Giant") hereby submits its Memorandum in Support of its Motion to Strike Plaintiff's Response to Notice of Authority.

On June 29, 2006, Giant advised the Court of Judge Kessler's recent decision in Payne v. Giant of Maryland LLC, Civil Action No. 05-897 (GK). Contee filed a Response on July 5, 2006, attempting to distinguish Payne and arguing that Giant's Motion to Transfer should be denied.

As an initial matter, Contee did not cite any particular authority under either the Federal Rules of Civil Procedure or the Local Rules of this Court permitting him to file such a response. The Court has neither requested nor authorized a briefing of the applicability of Payne in this matter.

Moreover, Plaintiff's Response is replete with unsupported factual allegations and impermissible legal conclusions. Contee baldly asserts, for example, that he "would have continued working in a territory that included all Giant stores in the District of Columbia if Kevin Hayes had not subjected him to discrimination." Resp. at 2. Contrary to

-2-

Contee's assertion, however, Kevin Hayes did not "reassign [Contee] to a less desirable territory in Maryland and Virginia." Resp. at 1. Rather, in early 2002, Giant added several districts and realigned the district assignments, thereby resulting in Contee's reassignment from Districts 1 and 2 covering Maryland and the District of Columbia to Districts 3 and 4 covering Maryland and Virginia. Despite his attempt to accentuate and embellish his contacts with the District of Columbia, Contee cannot escape the fact that he did not work in the District of Columbia at the time of his alleged demotion in early 2003 and alleged downgraded performance evaluation in 2005, which are the employment actions that form the basis for this lawsuit. Contee's limited and attenuated contacts with the District of Columbia do not and cannot demonstrate "a significant employment relationship with the District of Columbia." Thus, like Payne, Contee's chosen forum is not entitled to deference and should be rejected because this controversy has no meaningful connection to the District of Columbia.

For these reasons, Giant respectfully requests that the Court strike Plaintiff's Response to Notice of Authority.

                                   Respectfully submitted,

                                   \_\_\_/s/_____
Robert G. Ames, D.C. Bar No. 234393
Lesley A. Pate, D.C. Bar No. 485139
Venable LLP
575 7th Street, N.W.
Washington, D.C. 20004
(202) 344-4000
(202) 344-8300 (facsimile)

Counsel for Giant of Maryland LLC