UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RAYMOND CONTEE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 05-02475 (RCL) |
| | ) |
| GIANT OF MARYLAND, LLC, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

The plaintiff, Raymond Contee, brings suit against the defendant, Giant of Maryland, LLC ("Giant"), alleging racial discrimination and retaliation under 42 U.S.C.A. § 1981 (West 1993 & Supp. 2006). Presently pending before this Court is the defendant's motion [4] to dismiss the case based on improper venue, or in the alternative, to transfer the case to the District of Maryland. For the reasons stated below, defendant's motion to transfer is hereby granted, and this case shall be transferred to the District of Maryland.

## BACKGROUND

Plaintiff is an African American resident of Maryland (Plano Dec. ¶ 10) who has worked for Giant in various locations in the metropolitan Washington, D.C. area since 1982. (Am. Compl. ¶ 2.) Defendant Giant's principal place of business is in Landover, Maryland, and is an indirect wholly owned subsidiary of Royal Ahold N.V. (Answer ¶ 3.) The defendant operates approximately 113 grocery stores in Maryland, 68 grocery stores in Virginia, 12 stores in New Jersey, six stores in the District of Columbia ("D.C."), and four stores in Delaware. (Id.)

1

Plaintiff began as a produce worker for Giant, worked his way up through several management jobs, and was promoted to "Produce Specialist-Produce" in February 2001. (Id. at ¶ 5.) As a Produce Specialist, plaintiff's initial territory consisted of stores in Maryland and D.C. (Id. at ¶ 9.) Plaintiff alleges that once assigned to these stores, he was subjected to various offensive and distressing racist remarks by his Regional Merchandising Manager, Kevin Hayes. (Am. Compl. ¶ 7, 9.) Plaintiff alleges that Hayes was continually critical of his performance, treated him differently than the other employees under Hayes' supervision, none of whom was African American, and that Hayes neglected to give plaintiff important business information relating to plaintiff's job. (Id. ¶ 10.)

Defendant placed plaintiff on a performance improvement place ("PIP") in April 2002 which changed plaintiff's territory to stores in Maryland and Virginia. (Answer ¶ 11.) Plaintiff believes this change in territory "was intended to force plaintiff to resign or, failing that, to make it more difficult for him to perform successfully." (Am. Compl. ¶ 11.) In August 2002, plaintiff made a complaint to Giant's Director of Human Resources, David White, and to an Equal Employment Opportunity officer ("EEO") at Giant about the alleged discriminatory treatment he was experiencing. (Id.)

In September 2002, Giant placed plaintiff on probation for 90 days for reasons not explained in the amended complaint or answer. (Answer ¶ 15.) Plaintiff responded by filing a complaint of racial discrimination with the EEOC on December 8, 2002. (Am. Compl. ¶ 16.) In April 2003, plaintiff then "assumed the position of" Human Resources Manager in a Giant store (Answer ¶ 17), which according to the plaintiff includes a salary range with a lower ceiling than his previous position as a Produce Specialist. (Am. Compl. ¶ 17.)

Plaintiff asserts the defendant's actions have caused him to suffer a loss in income and harm to his career, that he has been caused emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses. (Id. ¶¶ 23, 24.) Plaintiff commenced this action on December 28, 2005, and seeks to be reinstated to the Produce Specialist position, compensatory damages for lost pay and benefits and emotional pain and suffering, punitive damages, attorney fees and expenses, prejudgment interest on all monetary sums awarded, and such other relief as the Court deems just. (Id. Relief 1-6.) The Court will address the threshold question of venue raised by defendant's motion to dismiss or in the alternative motion to transfer the case.

## DISCUSSION

**I.    Standard of Review**

Defendant moves in the alternative to transfer this case to the District of Maryland, and argues that the case could have originally been brought in Maryland and that an examination of private and public "factors compels the conclusion that this action should be transferred." (Def.'s Mot. 9.) In an action where venue is proper, 28 U.S.C.A. § 1404(a) nonetheless authorizes a court to transfer a civil action to any other district where it could have been brought "for the convenience of parties and witnesses, in the interest of justice." 28 U.S.C.A. § 1404(a) (West 1993 & Supp. 2006). Section 1401(a) vests "discretion in the district court to adjudicate motions to transfer according to [an] individualized, case-by-case consideration of convenience and fairness." Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 27 (1988) (quoting Van Dusen v. Barrack, 376 U.S. 612, 622 (1964)). Under this statute, the moving party bears the burden of establishing that transfer is proper. Trout Unlimited v. Dep't of Agric., 944 F. Supp. 13, 16

(D.D.C. 1996) (Urbina, J.).

Accordingly, the defendants must make two showings to justify transfer. Brannen v. Nat'l R.R. Passenger Corp., 403 F. Supp. 2d 89 (D.D.C. 2005) (Urbina, J.). First, the defendants must establish that the plaintiff originally could have brought the action in the proposed transferee district. Van Dusen, 376 U.S. at 622. Second, the defendants must demonstrate that considerations of convenience and the interest of justice weigh in favor of transfer to that district. Trout Unlimited, 944 F. Supp. at 16. As to the second showing, the statute calls on the court to weigh a number of case-specific private and public-interest factors which are detailed and discussed below. Brannen, 403 F. Supp. 2d at 92; Stewart Org., 487 U.S. at 29. The Court will address the elements necessary to justify transfer in turn.

## ANALYSIS

**I.     The plaintiff could have originally brought the action in the District of Maryland**

Giant moves to transfer this case to the United States District Court for the District of Maryland, arguing that "it is readily apparent that a substantial part of events giving rise to the plaintiff's claims of discrimination and retaliation occurred in Maryland." (Def.'s Mot. 7.) The defendant contends that as of July 2002, when plaintiff's territory was changed to stores in Maryland and Virginia, the plaintiff's ties to D.C. ceased. Id. The plaintiff has worked consistently in Maryland stores from the time he became Produce Specialist in 2001 through his February 2006 transfer to a store on Eastern Avenue in Maryland. (Pl.'s Opp'n 1-4.) Plaintiff worked in Maryland and Virginia stores during his probation, which immediately preceded his alleged demotion. (Def.'s Mot. 7.) Furthermore, the plaintiff challenged his 90-day probation terms with the Baltimore District Office of the EEOC and the Maryland Commission on Human

Resources. (Id. at Ex. C.) Given the facts, the Court therefore concludes that this case could have originally been brought in the U.S. District Court in the District of Maryland.

**II.     Considerations of Convenience and the Interest of Justice Weigh in Favor of Transfer**

Because the parties could have originally brought this action in Maryland, the Court's next inquiry is to determine whether defendants have shown that the balance of the private and public-interest factors weighs in favor of transfer to that forum. Brannen, 403 F. Supp. 2d at 92; Van Dusen, 376 U.S. at 613, Trout Unlimited, 944 F. Supp. at 16. For reasons briefly addressed below, the Court determines that defendants have shown that the case should be transferred to the District of Maryland.

    **A.     Private Interest Factors**

The private interest factors considered by the court include: (1) the plaintiff's choice of forum, unless the balance of convenience is strongly in favor of the defendants; (2) the defendant's choice of forum; (3) whether the claim arose elsewhere; (4) the convenience of the parties; (5) the convenience of the witnesses, but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and (6) the ease of access to sources of proof. Trout Unlimited, 944 F. Supp. at 16 (citing Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3rd Cir. 1995); Heller Fin., Inc. v. Riverdale Auto Parts, Inc., 713 F. Supp. 1125, 1129 (N.D. Ill. 1989); 15 Fed. Prac. & Proc. § 3848).

The Court affords some deference to plaintiff's choices of forum. Air Line Pilots Ass'n v. Eastern Air Lines, 672 F. Supp. 525, 526 (D.D.C. 1987) (Parker, J.). The Court, however, "need give substantially less deference when the forum preferred by the plaintiff is not his home

forum." Boers v. U.S., 133 F. Supp. 2d 64, 65 (D.D.C. 2001) (Urbina, J.). In this case, the plaintiff's home forum is Maryland–not the District of Columbia. (Pl.'s Opp'n 7.) Because the District of Columbia is not the plaintiff's home forum and, as mentioned above, D.C. lacks meaningful ties to the controversy, the Court affords little deference to the plaintiff's choice of forum. Chung v. Chrysler Corp., 903 F. Supp. 160, 165 (D.D.C. 1995) (Friedman, J.) (see also Kafack v. Primerica Life Ins. Co., 934 F. Supp. 3, 6-7 (D.D.C. 1996) (Urbina, J.) (finding no meaningful ties to the District of Columbia where the "material events that constitute the factual predicate for the plaintiff's claims" occurred in Maryland). The Court finds this factor weighs in favor of transfer.

Regarding the defendant's choice of forum, the alleged events of discrimination and retaliation material to the plaintiff's action occurred in Maryland. Giant's assertion that all of the employment records that are potentially relevant to this action are located in Maryland and that the majority of potential witnesses reside in Maryland (Def.'s Reply 2) also supports its choice of forum. Brannen, 403 F. Supp. 2d at 93. Thus, defendant's choice of forum also favors transfer.

The third private interest factor to consider determines whether a claim arose elsewhere. As noted above, plaintiff primarily worked in Maryland and the alleged discrimination and retaliation occurred during the time plaintiff was working in Maryland stores. This leads the Court to find that this claim arose elsewhere, in Maryland, and that this factor also weighs in favor of transfer.

Next, when examining the convenience of the parties, the Court notes that the District of Columbia and District of Maryland are close in physical proximity, thereby minimizing any inconvenience to the parties. Id. at 94. Plaintiff makes the argument that the counsel for both

parties are located in D.C., and for this and other reasons the case should remain in D.C. (Pl.'s Opp'n 6). The Court disagrees. "The location of counsel carries little, if any, weight in analysis under § 1404(a)." Armco Steel Co. v. CSX Corp., 790 F. Supp. 311, 324 (D.D.C. 1991) (Hogan, J.). Plaintiff's arguments do not persuade the Court that litigating in Maryland would be any inconvenience. The Court determines transfer would not be an additional inconvenience for either party, and concludes this factor weighs neither for nor against transfer. Brannen, 403 F. Supp. 2d at 94.

In addressing the convenience of the witnesses to the forum, the Court considers this factor "only to the extent that the witnesses may actually be unavailable for trial in one of the fora." Trout Unlimited, 944 F. Supp. at 16. Here, neither party has contended that a witness would be unavailable if the case is transferred to the District of Maryland. Giant argues that, conversely, the vast majority of the potential witness actually reside and work in Maryland. (Def.'s Mot. at Ex. B.) Convenience of the witnesses weighs in favor of transferring this case.

As stated previously, the defendant argues that most of the employment records and witnesses will come from Maryland. (Def.'s Reply at 1, 2.) Plaintiff does not contest that argument or that the majority of the discovery will originate in Maryland. The Court thus finds that the ease of access to sources of the proof favors transferring this case to the District of Maryland.

    **B.    Public Interest Factors**

The public-interest considerations include: (1) the transferee court's familiarity with the governing laws; (2) the relative congestion of the calendars of the potential transferee and transferor courts; and (3) the local interest in deciding local controversies at home. Trout

Unlimited, 944 F. Supp. at 16.

The public interest "is best served by having a case decided by the federal court in the state whose laws govern the interests at stake." Id. at 19.  Given the facts of this case and the greater potential for Maryland law to govern, the Court finds judicial economy is best promoted by transferring this case to Maryland.

Docket congestion is an additional consideration for courts deciding whether to transfer a case. SEC v. Savoy Indus., Inc., 587 F.2d 1149, 1156 (D.C. Cir. 1978); Trout Unlimited, 944 F. Supp. at 16.  The Court in Brannen, also considering a case transfer, concluded that because the case was in its early stages and the Court had not familiarized itself with the underlying merits, there would be no delay associated with transfer to the District of Maryland.  403 F. Supp. 2d at 96.  Similarly, this Court finds there would be no unreasonable delay in transferring this case to the District of Maryland.

The defendant asserts a strong public interest exists in deciding a local Maryland controversy in Maryland.  (Def.'s Reply at 7, 8.)  In its motion, the defendant reiterates that "the alleged wrongful acts in this case occurred in Maryland, plaintiff is a resident of Maryland, and Giant's principal place of business is located in Maryland."  (Def.'s Mot. 11.)  Therefore, the Court is persuaded that this case is a controversy local to the District of Maryland, and thus supports transfer.

## CONCLUSION AND ORDER

Upon consideration of defendant's motion [4] to dismiss the case based on improper venue, or in the alternative, to transfer the case to the District of Maryland, the applicable law, and the entire record herein, for the foregoing reasons, it is hereby

ORDERED that defendant's motion in the alternative to transfer the case to the District of Maryland is GRANTED.  Defendant's motion to dismiss is DENIED.

SO ORDERED.


Signed by Royce C. Lamberth, U.S. District Judge, August 17, 2006.